UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERESA WILLIAMS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV920 JCH |
| ) | |
| SODEXHO OPERATIONS, LLC, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Motion of Defendant Sodexho Operations, LLC ("Sodexho") for Summary Judgment pursuant to Rule 56(b), filed June 5, 2009. (Doc. No. 17). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Theresa Williams filed her Petition in this matter in the Circuit Court of the City of St. Louis on May 20, 2008. (Doc. No. 1, Notice of Removal, attached Exh. A (hereinafter "Complaint" or "Compl.")). Sodexho removed the matter to this Court on June 26, 2008, citing diversity of citizenship. (Doc. No. 1).

According to the allegations in her Complaint, on February 6, 2004, Plaintiff was employed by Gateway High School ("Gateway") in the City of St. Louis, Missouri, as a teacher. (Compl., ¶¶ 1, 5). Plaintiff alleges that on that date, she parked her automobile in the lot in which she regularly parked and exited her vehicle, whereupon she slipped upon ice on the sidewalk and fell. (Id., ¶ 6). Plaintiff alleges she suffered severe injuries, all of which are permanent and progressive, and that, as a result, she has been forced to undergo physical therapy, injections, and surgical procedures on her

lower back. (Id., ¶¶ 6, 10). Plaintiff maintains Sodexho is liable for her injuries, because her fall and injuries were directly and proximately caused by Sodexho's negligence and carelessness, as follows[1]:

> a. [Sodexho] created a dangerous condition by allowing ice and/or snow to remain on the sidewalks where employees and students regularly walk to enter the school building.
>
> b. [Sodexho] permitted and allowed ice and/or snow to remain on the sidewalk, and therefore the sidewalk was not reasonably safe for use by Plaintiff and others similarly situated.
>
> c. [Sodexho] knew or by the use of ordinary care, could have known of the existence of the ice and/or snow, but [Sodexho] negligently and carelessly failed to use ordinary care to remove the dangerous condition or barricade the area.

(Id., ¶ 8). Plaintiff finally asserts the acts and omissions of Sodexho were carried out by its agents, servants, and employees, acting within the course and scope of their employment with Sodexho. (Id., ¶ 9).

As stated above, Sodexho filed the instant Motion for Summary Judgment on June 5, 2009. (Doc. No. 17). In its motion, Sodexho maintains judgment must be entered in its favor, because the custodians at Gateway responsible for snow and ice removal were not Sodexho employees, servants, or agents at the time of the alleged negligence, and because Plaintiff has presented no competent evidence that Sodexho was negligent in any other capacity. (Id., ¶ 2).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive

---

[1] According to Plaintiff, on or prior to February 6, 2004, Sodexho was contracted to remove snow and ice from the sidewalks at or near Gateway. (Compl., ¶ 3).

- 2 -

law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

### I. Were The Custodians Responsible For Snow And Ice Removal At Gateway Employees, Servants, Or Agents Of Sodexho?

As stated above, in her Complaint Plaintiff alleges Sodexho was negligent based on the acts and omissions of its "agents, servants and employees, acting within the course and scope of their employment with [Sodexho]." (Compl., ¶ 9). Under Missouri law, "[t]he doctrine of *respondeat superior* imposes upon an employer vicarious liability for negligent acts or omissions of his employee or agent that are committed within the course and scope of his employment or agency." Jones v. Brashears, 107 S.W.3d 441, 445 (Mo. App. 2003), citing Wilson v. St. Louis Area Council, Boy Scouts of America, 845 S.W.2d 568, 570 (Mo. App. 1992). "However, to invoke the doctrine, there

must be evidence that the relationship of employer-employee or principal-agent existed between the parties when the alleged negligent act or acts occurred." Bost v. Clark, 116 S.W.3d 667, 675 (Mo. App. 2003) (citation omitted).

In determining whether a party is liable under the doctrine of respondeat superior, Missouri follows the Restatement (Second) of Agency. United States v. Baby-Tenda Corp, 2007 WL 2590427 at *2 (W.D. Mo. Aug. 27, 2007) (citations omitted). The factors listed in the Restatement and approved by the Missouri courts include:

1. the extent of control the principal may exercise over the work,
2. whether the servant is engaged in a distinct occupation or business,
3. whether the work is usually done under an employer's supervision or by a specialist without supervision,
4. the skill required,
5. who supplies the instrumentalities, tool, and location for doing the work,
6. the length of the relationship,
7. method of payment,
8. whether the work is part of the principal's normal activities,
9. the parties' intent, and
10. whether the principal is or is not in business.

Hawk v. Osborn, 2007 WL 4556933 at * 1-2 (W.D. Mo. Dec. 20, 2007) (citation omitted). "At all times, however, the touchstone is whether the party sought to be held liable has the control or right to control the conduct of another in the performance of an act." Id. at *2 (internal quotations and citations omitted). See also Baby-Tenda, 2007 WL 2590427 at *2 (internal quotations and citations omitted) ("The determining factor is not whether respondent actually exercised control over the work...but whether respondent had the right to exercise that control."). "The ultimate determination is factual in nature." Baby-Tenda, 2007 WL 2590427 at *2 (citation omitted). See also The Bar Plan v. Cooper, 2009 WL 1751965 at *2 (Mo. App. Jun. 23, 2009) (internal quotations and citation omitted) ("[t]he existence of an agency relationship requires an assessment of the facts of each case and, for that reason, is regarded as a question of fact to be determined by the jury when, from the

evidence adduced on the question, there may be a fair difference of opinion as to the existence of the relationship.").

Upon consideration of the foregoing in light of the facts of the case at bar, the Court finds an issue of fact remains with respect to the alleged existence of an employer-employee, principal-agent, and/or master-servant relationship between Sodexho and the custodians. See Carter v. Wright, 949 S.W.2d 157, 160 (Mo. App. 1997); Walter v. Clarion Mortg. Capital, 2009 WL 909594 at *9 (W.D. Mo. Apr. 2, 2009). Specifically, the Court notes that although the Management Agreement between Sodexho and the Board of Education of the City of St. Louis ("District"), in place during the time period at issue, provided that nothing in the Agreement would create or imply an agency, joint venture or partnership between Sodexho and the District, and that the employees of the District would not be considered employees or agents of Sodexho, the mere characterization of a party's role in a contract, "is not controlling on the question of agency where surrounding facts evince an agency relationship, however artfully disguised." Empson v. Missouri Highway & Transp. Com'n, 649 S.W.2d 517, 521 (Mo. App. 1983) (citation omitted). See also In re Mid-America Living Trust Associates, Inc., 927 S.W.2d 855, 866 (Mo. 1996) (self-serving title in contract not conclusive on the issue of whether an agency relationship existed); Jones, 107 S.W.3d at 447 (difference between what occurred in practice and what was stated in contract created a fact issue). Other provisions in the Management Agreement indicate Sodexho in fact exercised a great deal of control over the custodial employees, as follows:

> 5.4 Supervised Employees.[2] Sodexho shall supervise and manage the engineering, custodial and certain maintenance Services at the facilities in the District and shall provide all necessary supervisory employees to manage and supervise the engineering, custodial and certain maintenance Services....Sodexho shall

---

[2] Under the terms of the Management Agreement, custodial staff employees were "supervised employees." (Management Agreement, ¶ 2.4).

> conduct interviews, make recommendations with respect to placements, provide input for evaluations and supervise the Supervised Employees in the provision of the Services, including, without limitation, providing input with respect to hiring, training, supervising, promoting, work assignments, performance appraisals, discipline and discharge, in accordance with the District's Policies and Regulations, Sodexho's policies and procedures, and the terms of the then current Local 50 and Local 2 Policy Statements. Sodexho supervisors shall meet regularly with school principals and other building supervisors to discuss job duties of and job performance by Supervised Employees to the extent such principals and supervisors are available....Sodexho shall prepare at least annual written performance evaluations of all Supervised Employees to be considered and concluded by the District, in accordance with the District's Regulations and Policies and in conjunction with input from the school principal or building supervisor at each of the facilities. Sodexho shall recommend personnel actions to the extent a Supervised Employee is rated unsatisfactory in his or her performance evaluation and Sodexho shall provide documentation to the District for the employee's personnel file to support the unsatisfactory rating and Sodexho supervisors shall participate in and attend any personnel hearings deemed necessary by the District to discipline or discharge the Supervised Employee.

(See Management Agreement, attached to Sodexho's Motion for Summary Judgment as Exh. E, ¶ 5.4). Sodexho further was required to provide training equipment, standard operational procedures, training manuals to be used in training, and custodial supplies and equipment necessary to perform custodial services. (Id., ¶¶ 5.7, 7.6(c), (j)). Under the terms of the Management Agreement itself, therefore, Sodexho retained authority over, and/or established standards for, the hiring, firing, supervision, and discipline of the custodians. Hunter v. Ramada Worldwide, Inc., 2005 WL 1490053 at *8 (E.D. Mo. Jun. 23, 2005). The Management Agreement thus provided Sodexho with control potentially sufficient to hold it vicariously liable for the actions of the custodians, and so Sodexho's Motion for Summary Judgment on this point must be denied. Id.[3]

## II. **Negligent Supervision Or Training**

---

[3] "Once [the] plaintiff has made a prima facie case of agency, the issue must be submitted to the jury." Carter, 949 S.W.2d at 162 n. 4 (internal quotations and citation omitted).

In its Motion for Summary Judgment, Sodexho further asserts Plaintiff has failed to allege or produce competent evidence that Sodexho was negligent in its supervision of the snow/ice removal efforts of Gateway's custodians on February 6, 2004. (Memorandum of Law in Support of Motion of Defendant Sodexho Operations, LLC for Summary Judgment pursuant to Rule 56(b), PP. 6-7). Upon review of Plaintiff's Complaint, the Court agrees Plaintiff did not include allegations of negligent supervision or negligent training. On July 2, 2009, Plaintiff requested leave to file an Amended Complaint, to add a count for negligent supervision and management of the custodians. (Doc. No. 22). The Court denied Plaintiff's request as untimely, however, for two reasons: First, the Case Management Order in this matter, entered August 21, 2008, established January 15, 2009, nearly six months before Plaintiff's request, as the deadline for the joinder of additional parties or amendment of pleadings (Doc. No. 10); and second, Plaintiff should have known of the possible existence of the second claim at least as early as March 9, 2009, the date she received a copy of the Management Agreement between Sodexho and the District in discovery. (See Sodexho's Memorandum in Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint, P. 4). In light of these circumstances, the Court held that allowing Plaintiff to amend her Complaint after the close of all discovery on July 1, 2009, and only weeks before the deadline for filing dispositive motions on August 1, 2009, would have been extremely prejudicial to Sodexho. Plaintiff thus does not have a claim for negligent supervision or training, and so this portion of Sodexho's Motion for Summary Judgment must be granted.[4]

## **CONCLUSION**

---

[4] In its reply memorandum, Sodexho asserts Plaintiff has failed to produce evidence of underlying negligence. (Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, PP. 10-12). Sodexho did not raise this argument in its Motion for Summary Judgment, however, and thus the Court will not address it here.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Defendant Sodexho Operations, LLC for Summary Judgment pursuant to Rule 56(b) (Doc. No. 17) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider this Court's August 4, 2009 Order Quashing Plaintiff's Subpoena to Take the Deposition of Dan Edwards (Doc. No. 36) is **DENIED**.

Dated this 20th day of August, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE